# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VIVEK 2024
4000 Horizons Drive
Columbus, OH 43220

                Plaintiff,

     v.

DEPARTMENT OF JUSTICE,
441 G St NW, 6th Floor
Washington, DC 20530

                Defendant.

Civil Action

No._____

**COMPLAINT**

## INTRODUCTION

1.     Plaintiff Vivek 2024 (the "Campaign" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., challenging the failure of Defendant, the Department of Justice ("DOJ" or "Defendant")[1], to respond to and fulfill the Campaign's FOIA request for records.

2.     The Campaign submitted a FOIA request to DOJ on August 2, 2023.

3.     The Campaign's FOIA request seeks documents and records in DOJ's possession related to the decision to bring a federal criminal indictment against former President Donald J. Trump on August 1, 2023. Ex. 1.

---

[1] All references to "DOJ" in the instant Complaint include its components the Criminal Division ("CRM") and the Office of the Inspector General ("OIG"), unless otherwise stated.

4.     The Campaign brings this suit to compel DOJ to immediately respond to the Campaign's FOIA request and promptly disclose all responsive, non-exempt records in compliance with FOIA's requirements.

## PARTIES

5.     The Campaign was launched on February 21, 2023, by Vivek Ramaswamy—a Presidential Candidate in the 2024 Republican Presidential Primary Election.

6.     The Campaign is located at 4000 Horizons Drive, Columbus, OH 43220, United States.

7.     The Campaign is a person within the meaning of FOIA. *See* 5 U.S.C. § 551 ("'[P]erson' includes an individual, partnership, corporation, association, or public or private organization other than an agency.").

8.     Defendant DOJ is a federal agency within the meaning of FOIA. *See* 5 U.S.C. § 552(f)(1) ("'[A]gency' as defined in section 551(1) of this title [5 U.S.C. § 551(1)] includes any executive department . . . or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.").

## LEGAL STANDARD

9.     FOIA requires a federal administrative agency to promptly make available requested, non-exempt agency records in response to a request that (a) reasonably describes such records, and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed." 5 U.S.C. § 552(a)(3)(A); *see also* 28 C.F.R. § 16.1 *et seq.*

10.     FOIA requires federal agencies to respond to a valid request within 20 working days (excepting Saturdays, Sundays, and legal public holidays) after receipt of such request,

including notifying the requestor immediately of its determination, the reasons therefore, and the right to appeal any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

11.     This 20-day time limit may not be tolled by the agency, except (a) that the agency may make one request of the requester for additional information regarding the specifics of the request and toll the 20-day period while it is waiting for that information; or (b) if it is necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii). In either case, the agency's receipt of the requester's response ends the tolling period. *Id.*

12.     In "unusual circumstances," FOIA allows the 20-day time limit to be extended 10 days by written notice "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i); *see also* 28 C.F.R. § 16.5(c).

13.     If "unusual circumstances" are invoked, the agency must not only provide written notice as detailed above but must also provide the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii); *see also* 28 C.F.R. § 16.5(c).

14.     "Unusual circumstances" (as used in the context of FOIA) only occur when, to the extent reasonably necessary to the proper processing of the requester's request, the agency would need to (1) search for and collect records from another facility separate from the office processing the request; (2) search for, collect, and properly examine a voluminous amount of records demanded in a single request; or (3) consult with another agency to satisfy the request. *See* 5 U.S.C. § 552 (a)(6)(B)(iii).

15.    If the federal agency does not respond to a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

## JURISDICTION AND VENUE

16.    This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

17.    Venue lies with this district under 28 U.S.C. § 1391(e)(1) because an agency of the United States is a Defendant.

## FACTS

18.    On August 1, 2023, former President Trump was indicted by grand jury, which charged him with four counts of violating various federal laws in connection to the former President's actions after the 2020 general election.

19.    On August 2, 2023, the Campaign submitted a FOIA request (the "FOIA Request") to DOJ, Ex. 1, and directed the request via DOJ's online FOIA portal to the Office of the Attorney General, Ex. 2. The FOIA Request sought, *inter alia*, any records or documents that:

a.    Memorialized, discussed, or described plans or considerations by the Department of Justice or any other federal government agency for bringing the August 1, 2023 indictment against President Donald J. Trump where those plans or considerations contain any mention, discussion, or analysis of (1) political or electoral advantages of the indictment to President Joe Biden, the Democratic Party, and/or any Democratic Party candidates, or (2) political or electoral disadvantages of the indictment to Donald J. Trump, the Republican Party, and/or any Republican Party candidates. This request includes (but is not limited to) records discussing any impact the indictment may have on the 2024 Presidential Election (including primary or

general elections) or a politically-motivated purpose or incentive for indictment (separate from any investigatory or law enforcement purpose). Responsive records or documents should include those by or between officers or employees of the federal government;

b.      Memorialized, discussed, or described, to or with any non-government third party, the Department of Justice's plans or considerations for bringing the August 1, 2023 indictment against President Donald J. Trump. Responsive records or documents should include those by or between any non-government third party, including (but not limited to) officers, employees, or agents of Arabella Advisors or its clients, including the New Venture Fund, Sixteen Thirty Fund, Windward Fund, Hopewell Fund, projects housed in any of those entities, any political party or political committee or agent thereof, and Biden for President;

c.      Memorialized, discussed, or described any directive or encouragement, by any officer or employee of a federal government agency, to bring the August 1, 2023 indictment against President Donald J. Trump where that directive or encouragement (including correspondence preceding or following it in the same email chain) includes any mention, discussion, or analysis of (1) political or electoral advantages of the indictment to President Joe Biden, the Democratic Party, and/or any Democratic Party candidates, or (2) political or electoral disadvantages of the indictment to Donald J. Trump, the Republican Party, and/or any Republican Party candidates;

d.      Memorialized, discussed, or described any directive or encouragement, by any non-government third party, to bring the August 1, 2023 indictment against President Donald J. Trump; or

     e.     Are preparatory materials for meetings provided to any officer or employee of the Executive Office of the President regarding a possible indictment against President Donald J. Trump.

Ex. 1.

20.     The Campaign requested the above records within the timeframe of January 20, 2021, through the date that DOJ produces the records. *Id.*

21.     On August 4, 2023, DOJ acknowledged via email that it had received the Campaign's request, Ex. 3, and in an attached August 4, 2023 letter ("August Response Letter") acknowledged that the Campaign's request was received by DOJ on August 2, 2023, Ex. 4. The agency also provided the following case number in the heading of the August Response Letter: FOIA-2023-02130. *Id.*

22.     The August Response Letter also indicated that because the FOIA Request "require[s] a search in and/or consultation with another Office," it "falls within 'unusual circumstances.'" *Id.* at 1 (citing 5 U.S.C. 552 § (a)(6)(B)(i)-(iii)). DOJ also indicated that because of these circumstances the agency was "extend[ing] the time limit to respond to [the Campaign's] request beyond the ten additional days provided by the statute." *Id.*

23.     On August 7, 2023, DOJ sent a supplemental response to the Campaign indicating that because the Campaign is also seeking records in the possession of DOJ's Criminal Division ("CRM"), the Federal Bureau of Investigation ("FBI"), and the Office of the Inspector General ("OIG"), DOJ had separately forwarded the FOIA Request to those Department components for processing and direct response to the Campaign. Ex. 5.

24.     On August 8, 2023, OIG sent a letter to the Campaign acknowledging that it received the routed FOIA Request on August 7, 2023. Ex. 6. OIG assigned the routed FOIA

Request the following control number: 23-OIG-220. *Id.* OIG indicated it would answer the FOIA Request "as quickly as possible." *Id.*

25.     On August 17, 2023, FBI sent a letter to the Campaign indicating that the portion of the Campaign's FOIA Request that had been forwarded to the FBI was being closed for being "overly broad" and "not provid[ing] enough detail to enable FBI personnel to locate records 'with a reasonable amount of effort.'" Ex. 7 (quoting 28 C.F.R. § 16.3(b)). The FBI indicated that the Campaign has ninety (90) days from the date of this denial to administratively appeal the FBI's decision. *Id.*

26.     On September 11, 2023, CRM sent a letter to the Campaign acknowledging that it received the forwarded FOIA Request on August 7, 2023. Ex. 8. CRM provided the following request number in the heading of the letter: CRM-301983166. CRM also indicated that because the FOIA Request presents "unusual circumstances," CRM is "extending the time limit to respond to [the Campaign's] request beyond the ten additional days provided by the statute." *Id.*

27.     In the FOIA Request, the Campaign emphasized the "time-sensitive nature of this request," and "request[ed] that [DOJ] strictly comply with the 20-day time limit established by FOIA and applicable regulations," pursuant to 28 C.F.R. § 16.5(e) and 5 U.S.C. § 552(a)(6)(A). *See* Ex. 1 at 4.

28.     As of August 30, 2023, at the close of business hours, 20 working days (*i.e.*, excepting Saturdays, Sundays, and legal public holidays) had passed since DOJ received the Campaign's FOIA Request. *See* 5 U.S.C. § 552(a)(6)(A)(i).

29.     Additionally, as of September 5, 2023, at the close of business hours, 20 working days (*i.e.*, excepting Saturdays, Sundays, and legal public holidays) had passed since OIG received the routed FOIA Request. *See* 5 U.S.C. § 552(a)(6)(A)(i).

30.    Additionally, as of September 14, 2023, at the close of business hours, 30 working days had passed since DOJ received the Campaign's FOIA Request. *See* 5 U.S.C. § 552(a)(6)(B)(i).

31.    Additionally, as of September 19, 2023, at the close of business hours, 30 working days had passed since CRM received the routed FOIA Request. *See* 5 U.S.C. § 552(a)(6)(B)(i).

32.    To date, DOJ has not made or communicated its determination in response to the Campaign's FOIA Request, nor provided any responsive materials, nor explained that responsive materials have been or will be withheld.

33.    DOJ has engaged in a pattern and practice of repeatedly violating FOIA's statutory time limits for FOIA requests it receives,[2] which is a continual source of concern for Congress.

## FIRST CLAIM FOR RELIEF
### (Failure to Comply with Statutory Deadlines in Violation of FOIA)

34.    Plaintiff repeats, re-alleges, and reincorporates the allegations in paragraphs 1–33 as though fully set forth herein.

35.    FOIA requires that DOJ provide a final determination within 20 working days after the receipt of the Campaign's FOIA request. 5 U.S.C. § 552(a)(6)(A). This 20-day time limit may be extended an additional 10 working days in the event of "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i); *see also* 28 C.F.R. § 16.5(c).

36.    More than 20 working days have passed since the Campaign's FOIA request was received and logged by OIG. *See* Ex. 6.

---

[2] As a recent illustration of DOJ's routine failure to adhere to FOIA's time limit requirements, DOJ also failed to timely communicate its determination to the Campaign regarding a separate June 12, 2023 FOIA request seeking records relating to DOJ's decision to bring its June 8, 2023 federal criminal indictment against former President Trump. The Campaign has also filed a separate lawsuit challenging this failure. *See Vivek 2024 v. Dep't of Justice*, No. 1:23-cv-2228-ACR (D.D.C.).

37.     More than 30 working days have passed since the Campaign's FOIA request was received and logged by DOJ, CRM, and OIG. *See* Exs. 4, 6, 8.

38.     To date, DOJ, including its components CRM and OIG, has not provided a final determination in response to the Campaign's FOIA Request, nor has it communicated when the Campaign can expect its request to be processed.

39.     The DOJ (including its components CRM and OIG) has failed to make and communicate a timely determination in response to the Campaign's FOIA Request, in violation of FOIA. *See* 5 U.S.C. § 552(a)(6).

40.     All administrative remedies required by FOIA have therefore been constructively exhausted. *See* 5 U.S.C. § 552(a)(6)(C)(i).

**SECOND CLAIM FOR RELIEF**
**(Unlawful Withholding of Agency Records in Violation of FOIA)**

41.     The allegations in paragraphs 1–33 are expressly incorporated herein as if restated in full.

42.     FOIA requires DOJ to process records requests and promptly provide the requested records or the reasonably segregable portion of records not subject to a FOIA exemption. 5 U.S.C. § 552(a)(3)(A).

43.     To date, DOJ (including its components CRM and OIG) has neither provided nor made available any responsive documents in response to the Campaign's FOIA Request, nor has the DOJ claimed that any responsive records are exempt from disclosure.

44.     Therefore, DOJ's failure to promptly produce requested records or claim applicable exemptions violates FOIA. 5 U.S.C. § 552(a)(3)(A).

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court:

A.     Declare that DOJ (including its components CRM and OIG) failed to make and communicate a timely determination in response to the Campaign's FOIA Request, in violation of FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), 28 U.S.C. § 2201;

B.     Declare that DOJ failed to promptly provide records responsive to the Campaign's FOIA Request, in violation of FOIA, 5 U.S.C. § 552(a)(3), 28 U.S.C. § 2201;

C.     Order DOJ to immediately conduct a reasonable search for all responsive records and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the FOIA Request as required by FOIA, 5 U.S.C. § 552(a)(3)(C);

D.     Order DOJ to immediately provide a determination regarding the Campaign's FOIA Request as required by FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

E.     Order DOJ to promptly make available to the Campaign all responsive, non-exempt records, as required by FOIA, 5 U.S.C. § 552(a)(3), and produce a *Vaughn* index of any responsive records withheld under claim of exemption, *see Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 145–46 (D.C. Cir. 2006);

F.     Maintain jurisdiction over this action to ensure that DOJ promptly produces all non-exempt responsive records to the Campaign by a date certain as determined by the Court, and that any non-exempt portions of responsive records are not improperly withheld;

G.     Award reasonable attorneys' fees and allowable costs to the Campaign, including under 5 U.S.C. § 552(a)(4)(E); and

H.     Grant the Campaign such other and further relief to which it is justly entitled at law and in equity.

Dated: September 20, 2023                          Respectfully submitted,

*/s/ Phillip M. Gordon*
Phillip M. Gordon (D.C. Bar No. 1531277)
**HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC**
15405 John Marshall Highway
Haymarket, VA 20169
Phone: (540) 341-8808
Fax: (540) 341-8809
pgordon@holtzmanvogel.com

Stephen P. Roberts (D.C. Bar No. 989338)
2300 N Street, NW, Suite 643
Washington, DC 20037
Phone: (202) 737-8808
sroberts@holtzmanvogel.com

*Counsel for Plaintiff*